**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

**MEMO ENDORSED**

WRITER'S DIRECT DIAL NO.
**(650) 801-5022**

WRITER'S EMAIL ADDRESS
victoriamaroulis@quinnemanuel.com

September 28, 2020

**VIA E-MAIL**

Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> Plaintiff is directed to respond by Thursday, October 1, 2020 end of day.
>
> So ordered.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 9/29/2020
> New York, New York

Re: **Kannuu Pty Ltd. v. Samsung Electronics Co., Ltd. et al., 1:19-cv-04297-ER**

Dear Judge Ramos:

I represent Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") in the abovementioned action. I write to respectfully request that the Court grant Samsung leave to move to stay these proceedings pending resolution of Defendant Samsung Electronics America, Inc. ("SEA")'s petitions for *inter partes* review ("IPR") on two of the five patents asserted in this case.[1]

A stay will significantly reduce the burden of litigation on the parties and the Court because: (1) Samsung's IPRs will simplify the issues to be litigated here; (2) this case is in its early stages; and (3) Kannuu will suffer no prejudice resulting from a stay. *See generally Rovi Guides, Inc. v. Comcast Corp.*, No. 16-cv-9278 (JPO), 2017 WL 4876305 (S.D.N.Y. 2017). Accordingly, the Court should grant Samsung's request to move for a stay.

**Background**

Samsung's IPR petitions identify several prior art references not considered during prosecution, demonstrating that claims identified in Kannuu's complaint are not patentable. The Patent Trial and Appeal Board ("PTAB") has instituted Samsung's IPR petitions, which challenge each and every claim of U.S. Patent Nos. 9,436,354 and 8,370,393 (the '354 and '393 patents), *see* IPR2020-00737 Paper 23 (PTAB Sept. 23, 2020); IPR2020-00738 Paper 22 (PTAB Sept. 23, 2020), and in so doing has found a reasonable likelihood that the claims of those patents, including those asserted by Kannuu here, are invalid, *see* 35 U.S.C. § 314(a). The PTAB will make a final determination regarding invalidity by September 24, 2021. 35 U.S.C. § 316(a)(11).

---

[1] Defendant Samsung Electronics Co., Ltd. ("SEC") is a Real Party In Interest to the IPRs. Accordingly, the IPRs are referred to as "Samsung's" IPRs.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

At that point, claims of the '354 and '393 patents are likely to be declared invalid, thereby simplifying the issues to be litigated in this case.

**Legal Standard**

A district court has the inherent power to manage its docket, which includes issuing a stay pending the conclusion of IPR proceedings before the PTAB. *Rovi*, 2017 WL 4876305, at *3 (S.D.N.Y. 2017) (citing *Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, No. 16-cv-4236, 2016 WL 6094114, at *2 (S.D.N.Y. 2016)). Courts in this District consider three factors in determining whether a stay pending IPR is appropriate: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *Rovi*, 2017 WL 4876305, at *3. In this case, all three factors favor a stay.

**A Stay Will Simplify The Issues to Be Tried in This Case**

Though the most likely outcome is cancellation of Kannuu's patent claims, any conceivable outcome of the IPRs will lead to simplification of the issues here. *See Rovi*, 2017 WL 4876305, at *3 (whether the PTAB cancels all, some, or none of the contested claims, this leads to simplification); *Goodman v. Samsung Elecs. Am., Inc.*, No. 17-cv-5539 (JGK), 2017 WL 5636286 (S.D.N.Y. 2017) (when a claim is cancelled, patentee's cause of action on that claim becomes moot.").[2] Proceeding with this case in parallel to the IPRs creates substantial risk that the parties and the Court will unnecessarily expend resources litigating issues that will either be completely mooted or substantially altered by the IPR proceedings.

Further, the Court should stay these proceedings in their entirety, because Kannuu's patent claims are the main thrust of this case. All five asserted patents include significantly overlapping claimed subject matter, such that the IPR proceedings will be relevant to all five patents. For instance, Kannuu may amend—or abandon—all claims currently asserted from '354 and '393 patents, or seek new claims, then assert those. Alteration of claims or prosecution of new claims would be relevant to the scope and interpretation of all asserted claims due to the significant commonality between the specifications of the asserted patents. And the substantive PTAB decisions in the IPRs (e.g., claim construction, invalidity, prior art) will be informative in these proceedings, and will be binding on this Court if affirmed by the Federal Circuit.

Further, a stay of Kannuu's contract claim is warranted because of overlap between Samsung's investigation into Kannuu's breach of contract claim and Kannuu's claims of willfulness. Moreover, this factor does not require complete overlap—district courts routinely stay non-patent claims pending IPR simply to reduce litigation costs and avoid discovery problems. *See, e.g.*, *PopSockets LLC v. Quest USA Corp.*, No. 17-cv-3653-FBC-LP, 2018 WL 5020172, at *3 (E.D.N.Y. 2018) (staying copyright and unfair competition claims pending IPR); *Nelson Seating Pty. Ltd. v. Selle Royal S.p.A.*, No. 05 CIV. 2389 (RMB), 2005 WL 3358598, at *1 (S.D.N.Y. 2005) (staying state law claims); *see also Richtek Tech. Corp. v. UPI Semiconductor Corp.*, No. C 09–05659-WHA, 2011 WL 445509, at *3 (N.D. Cal. 2011) (staying copyright claims where "the patent claims for relief, [were] the true meat and potatoes of th[e] action").

---

[2] Even if the PTAB upholds all claims, this litigation will nonetheless be simplified as this may narrow the scope of invalidity contentions before this Court. 35 U.S.C. § 315(e)(2).

2

### The Early Procedural Stage of This Case Favors A Stay

This factor weighs heavily in favor of a stay. The Court has not yet held a case management conference or issued a procedural schedule; little discovery has been served; and this case has not even begun to proceed pursuant to the S.D.N.Y. Local Patent Rules, which mandate, *inter alia*, the exchange of infringement contentions, claim terms for construction, the narrowing of said terms, multiple rounds of briefing, and a claim construction hearing. *See* L.P.R. 6-12.

A stay should be granted because the IPR proceedings will narrow the issues before the parties engage in substantial and costly efforts with regard to claim construction proceedings, document productions, depositions, expert discovery, or dispositive motion practice, promoting judicial economy and conserving party resources. *See Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, No. 16-CV-4236 (AJN), 2016 WL 6094114, at *3 (S.D.N.Y. 2016) (early stage of discovery and lack of a claim construction "heavily favor[ed] a stay"). Even at significantly more advanced stages, courts stay entire actions pending IPR, recognizing the significant gains in judicial economy. *See*, *e.g.*, *Rovi*, 2017 WL 4876305, at *3 (granting stay though fact discovery was closed, claim construction process was complete and claim construction order had issued); *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 3943058, at *4-5 (D. Del. 2019) (granting stay where claim construction briefing complete).

### Kannuu Will Not Suffer Any Prejudice

In this District, the question of prejudice is informed by four sub-factors, including: "(1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Rovi*, 2017 WL 4876305, at *4. Here, Kannuu will suffer no prejudice: (1) Samsung's IPR petitions were filed months before the statutory deadline; (2) Samsung has requested to move to stay within five days of the PTAB's institution decision; and (3) the IPRs are already well underway, with institution granted.

Under (4), courts examine the nature of competition between the parties. *Id.* Here, there is no prejudice because the parties do not compete. Kannuu does not appear to be (and has proffered no evidence to support that it is) an active market participant such that there could be a "loss of market share [or] an erosion of goodwill." *Id.* Further, Kannuu will not suffer prejudice as it did not seek a preliminary injunction in this case, and the remedies Kannuu seeks would be equally available following the stay. *See*, *Straight Path IP,* 2016 WL 6094114, at *3 ("monetary damages will be sufficient to compensate [licensor] for any infringement").

In sum, because a stay will simplify the issues, avoid duplicative efforts and unnecessary expenditure of resources by the parties, and pose no risk of prejudice to Kannuu, Samsung respectfully requests that the Court grant Samsung leave to move to stay these proceedings.

Sincerely,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


/s/ Victoria F. Maroulis