**MEMO ENDORSED**



**Progress** LLP

A Registered Limited Liability Law Partnership

2225 E. Bayshore Rd., Suite 200
Palo Alto, California 94303

> Defendants are granted leave to file a motion to stay. Defendants' motion is due October 23, 2020, Plaintiff's response is due November 13, 2020, and Defendants' reply is due November 20, 2020. The Clerk of Court is respectfully directed to terminate this motion. Doc. 45.
>
> So ordered.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 10/2/2020
> New York, New York

<u>Via ECF</u>

Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Kannuu Pty Ltd. v. Samsung Electronics Co., Ltd. et al.*, 1:19-cv-04297-ER

Dear Judge Ramos:

I represent Plaintiff Kannuu Pty Ltd. in the above-identified action. I write in response to Samsung's request for leave to move to stay this case pending resolution of the *inter partes* review proceedings ("IPRs") on two of the five patents-in-suit—U.S. Patent Nos. 9,436,354 and 8,370,393 (the '354 and the '393 patents). Samsung's request is premature and will likely be rendered moot because the Court has granted Kannuu leave to file a motion to enjoin Samsung from participating in the '354 and '393 IPRs. Moreover, a stay will not simplify the issues to be litigated, particularly because the Patent Trial and Appeal Board ("PTAB") denied Samsung's petitions on the other three patents-in-suit. Samsung entirely neglected to mention this pivotal fact in its letter. And a stay not only would prejudice Kannuu's ability to move forward its claims on those three patents but also its claim for breach of contract. Given these strong factors militating against a stay, the Court should deny Samsung's request at least until after the Court has ruled on Kannuu's injunction motion.

**Background**

Samsung omits several facts detrimental to the merits of its request. First, before filing its IPR petitions, Samsung promised to Kannuu (in an NDA) that the courts of New York would be the exclusive forum for all disputes between the parties relating not only to the NDA but also to "the transactions contemplated" by the NDA. *See* Dkt. No. 27-6, ¶15. As such, Samsung is legally estopped from requesting *inter partes* review and the Court should enjoin Samsung from participating in the '354 and '393 IPRs on that basis. The fact that the parties agreed to litigate all of their disputes in New York also is a reason that the Court should not stay this action in favor of the IPRs, as that would further frustrate the intention of the parties. Second, Samsung neglects to mention that it filed IPR petitions for all five patents-in-suit. The PTAB denied institution of three of those five petitions based on its finding that Samsung failed to show that it was likely to succeed in invalidating any of the claims. *See* IPR2020-00736, Paper 23 (PTAB Sep. 22, 2020); IPR2020-00739, Paper 22 (PTAB Sep. 22, 2020); IPR2020-00740, Paper 21 (PTAB Sep. 22, 2020). Further, Samsung also fails to

Honorable Edgardo Ramos
Page 2

mention that the deadline for Kannuu to seek reconsideration of the PTAB's institution decision in the '354 and '393 IPRs is October 7, 2020. *See* 37 C.F.R. 42.71(d)(1).

**Samsung's Request is Premature and Will Likely be Rendered Moot**

The Court should deny Samsung's request because the Court has granted Kannuu leave to file a motion to enjoin Samsung from participating in the '354 and '393 IPRs. Kannuu's motion is due by October 21, 2020 and briefing will complete by November 11, 2020. If the Court grants Kannuu's motion, then Samsung's request for leave will be moot. Thus, Samsung's request for leave is premature and should not be considered unless the Court denies Kannuu's motion for an injunction.

In addition, it is not even certain that the '354 and '393 IPRs will go forward because Kannuu intends to seek reconsideration of the PTAB's institution decisions. Thus, any decision on Samsung's request for leave should be deferred at least until the PTAB rules on Kannuu's request for reconsideration.

**A Stay Will Not Simplify The Issues to be Tried in This Case**

Even if the Court were to consider Samsung's request for leave at this time, which it should not, the Court should deny the request because Samsung has not shown that its proposed motion has a reasonable chance of success. A stay will not simplify the issues to be tried in this case. The '354 and '393 IPRs would not under any circumstances be fully or even mostly dispositive of this action. *See American Technical Ceramics Corp. et al v. Presidio Components, Inc.*, Case No. 2-14-cv-06544, Eletronic Order (E.D.N.Y. Jan. 11, 2016). The PTAB instituted review on only two of the five patents-in-suit. *See Intellectual Ventures II L.L.C. v. JP Morgan Chase & Co.*, Case No. 1-13-cv-03777, 2014 U.S. Dist. LEXIS 129854, at *10-11 (S.D.N.Y. Aug. 11, 2014)("I do not understand the sense of staying this entire litigation in order to wait for the PTAB's review of a single patent claim, where multiple patents and multiple claims are in issue."). Samsung grossly overstates the potential effect of any alteration of claims or prosecution of new claims as a result of the IPRs. Kannuu may not even need to alter or prosecute new claims to defeat the IPRs. And even if Kannuu does, the parties will surely dispute the effects of those actions and the scope and significance of any decision from the PTAB. *Id.* at *10. Moreover, contrary to what Samsung suggests, the PTAB's decision regarding claim construction, invalidity, and prior art are not informative or binding on this Court. *SeeTinnus Enterprises, LLC v. Telebrands Corp.*, 846 F.3d 1190, 1202 n.7 (Fed. Cir. 2017); *In re Koninklijke Philips Patent Litig.*, Case No. 18-cv-01885-HSG, 2020 U.S. Dist. LEXIS 91615, at *5 (N.D. Cal. May 26, 2020) ("[T]he Court is not bound by the underlying PTAB interpretations."). Indeed, the PTAB already has considered much of the same prior art at issue in the '354 and '393 IPRs and determined that Samsung failed to show a reasonable likelihood that any claims of the other three patents-in-suit are unpatentable.

The '354 and '393 IPRs also will not resolve any issues regarding Kannuu's breach of contract claim. *See Intellectual Ventures*, 2014 U.S. Dist. LEXIS 129854, at *10; *see also Separation Design Group IP Holdings LLC v. Inogen, Inc.*, Case No. 2-15-cv-08323, Dkt. No. 163 at p. 4 (C.D.

Cal. Jul. 11, 2017).  Regardless of the outcome of the IPR proceedings, Kannuu's claims for breach of contract need to be resolved by this Court.

**The Procedural Posture of This Case Does Not Favor a Stay**

Contrary to what Samsung claims, the procedural posture of this case does not favor a stay.  This case has been pending in this Court since May 10, 2019.  As Samsung notes, the PTAB has up to a year to render a final written decision.  *See* Dkt. No. 45 at p. 1.  A stay at this time, when the Court just held a case management conference yesterday and is due to enter a scheduling order would be inappropriate and further deny Kannuu the benefit promised by the Federal Rules of Civil Procedure of a "just, speedy, and inexpensive determination of every action and proceeding."  *See* Fed. R. Civ. P. 1; *Link Engine Technologies LLC v. Vimeo, LLC et al.*, Case No. 1-17-cv-03747, Dkt. No. 73 at p. 1-2 (S.D.N.Y. May 26, 2017) ("Delays of this kind are not what Congress intended when it implemented the relevant provision permitting the PTO's review").  In addition, there may be two more years of appellate review of the IPR rulings in the Federal Circuit, thereby creating further substantial delay.  *See Intellectual Ventures*, 2014 U.S. Dist. LEXIS 129854, at *10.  Put simply, there is no legitimate reason to stay this case when the majority of the claims can and should proceed.  The cases Samsung cites where courts granted stays at more advanced stages are inapposite because the IPRs in those cases had been instituted on most if not all of the patents-in-suit.  *Cf. Rovi Guides, Inc. v. Comcast Corp.*, 16-CV-9278 (JPO), 2017 U.S. Dist. LEXIS 178856, at *9 (S.D.N.Y. Oct. 27, 2017) (four of five patents-in-suit subject to IPRs).

**A Stay Would Unduly Prejudice Kannuu**

Finally, staying this case would give Samsung a clear and unfair tactical advantage.  *See Intellectual Ventures*, 2014 U.S. Dist. LEXIS 129854, at *11.  Samsung has refused to produce discovery related to its copying, which is central to the nonobviousness of the patents in both this case and the related IPRs.  Samsung appears to believe that Kannuu must seek this discovery related to the IPRs in the IPRs.  *See* Dkt. No. 41-5 at 4.  But the narrower scope and shortened time period for conducting discovery at the PTAB would unduly prejudice Kannuu from fully and fairly presenting its validity positions as compared to the more robust discovery procedures in this Court.  Thus, by staying this case, Kannuu would be significantly hindered in demonstrating the merits of its validity positions.  In the meatime, Samsung would have the advantage of delay.

In conclusion, the Court should deny Samsung's request for leave to file a motion to stay because, at a minimum, the Court should first decide whether Samsung should be enjoined from participating in the '354 and '393 IPRs.  If the Court grants Kannuu's motion to enjoin, then Samsung's request will be moot.  If the Court denies Kannuu's motion, then Samsung could renew its request though none of the stay factors would favor a stay.

Respectfully submitted,

s/ Lewis E. Hudnell, III (LH9718)