quinn emanuel trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

**MEMO ENDORSED**

WRITER'S DIRECT DIAL NO.
**(650) 801-5022**

WRITER'S EMAIL ADDRESS
**victoriamaroulis@quinnemanuel.com**

> Plaintiff is directed to respond by December 3, 2020.
>
> So ordered.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 11/30/2020
> New York, New York

November 25, 2020

Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: **Kannuu Pty Ltd. v. Samsung Electronics Co., Ltd. et al., 1:19-cv-04297-ER**

Dear Judge Ramos:

I represent Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") in the abovementioned action. I write to respectfully request that the Court grant Samsung leave to move to compel infringement contentions that comply with Local Patent Rule 6. As set forth in detail below, Kannuu is refusing to specify its infringement theories, contrary to L.P.R. 6 and the pre-filing investigation requirement of Fed. R. Civ. P. 11.

**Background**

On November 16, 2020, Kannuu served a two-and-a-half-page document styled "Infringement Disclosures Under Local Patent Rule 6." (Ex. 1.) Despite its title, this document does not disclose Kannuu's infringement theories. Instead, it is a list of patent claims and Samsung TV and DVD player product lines, and a statement that Kannuu accuses "all of Samsung TV models and Samsung's Blu-Ray DVD Player Models that include the Predict Next Letter/Predict Next Character feature". (*Id*. 2-4.) Nowhere does it articulate any specific way in which any particular limitation of any particular claim exists in any specific accused product, nor does it contain a single claim chart evincing Kannuu's infringement allegations, or any pre-filing investigation.

Upon receipt of this pleading, Samsung immediately sent a letter requesting that Kannuu supplement its contentions in compliance with L.P.R. 6, providing legal support for its position. (Ex. 2.) Kannuu replied with ostensible support for its refusal to disclose its theories. (Ex. 3.) The parties met and conferred on the issue on November 23, 2020, wherein Samsung stated it would move to compel adequate disclosures if Kannuu did not agree to supplement by November 25, 2020. Kannuu agreed to consider supplemental authority (which Samsung provided that same day) requiring it to serve detailed infringement contentions providing reasonable notice to Samsung of its infringement theories. On November 25, 2020, Kannuu responded with an attempt to distinguish this supplemental authority but did not commit to supplement its contentions. Given the forthcoming deadline for Samsung's invalidity

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

contentions, Samsung had no choice but to move for relief.

**The Court Should Grant Leave to Move to Compel Adequate Infringement Contentions**

The Court should grant Samsung leave to move to compel—and should subsequently compel—sufficiently detailed infringement contentions, including claim charts for each asserted claim and each accused product, in compliance with L.P.R. 6. Kannuu's "Disclosures" do not provide notice of its theories of infringement, nor any suggestion that Kannuu conducted a pre-filing investigation in advance of bringing suit. Kannuu's refusal to disclose its theories cannot be reconciled with L.P.R. 6 or Fed. R. Civ. P. 11.

As this Court has held, "[i]nfringement contentions 'must be sufficient to provide reasonable notice to the defendant,' essentially taking the place of 'a series of interrogatories that defendants would likely have propounded.'" *Bam Bags, LLC v. Zip-It Ltd.*, 1-15-cv-02172, Dkt. No. 53, at 6 (S.D.N.Y. Jun. 15, 2016) (attached as Ex. 4), citing *Yama Capital LLC v. Canon Inc.*, No. 12 CIV. 7159 KPF, 2013 WL 6588589, at *3 (S.D.N.Y. Dec. 13, 2013) (first quoting *Infineon Techs. v. Volterra Semiconductor*, No. C-11-6239 (MMC) (DMR), 2013 WL 322570, at *3 (N.D. Cal. Jan. 28, 2013); then quoting *InterTrust Techs. Corp. v. Microsoft Corp.*, No. C-01-1640 (SBA), 2003 WL 23120174, at *1 (N.D. Cal. Dec. 1, 2003)). In the interest of judicial economy, the Patent Rules require plaintiffs to "crystallize their infringement theories before stating their preliminary infringement contentions." *Id.*, quoting *Yama*, 2013 WL 6588589, at *10 (quoting *Connectel, LLC v. Cisco Sys.*, Inc., 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005)).

Under L.P.R. 6, a "Plaintiff must allege specific ways in which [each] limitation exists, with as much specific identifying information as is reasonably available without discovery." *Times Three Clothier, LLC v. Spanx, Inc.*, No. 13 CIV. 2157 DLC, 2014 WL 1795210, at *2–3 (S.D.N.Y. May 6, 2014) (requiring plaintiff to file amended infringement contentions) (citing *Yama*, 2013 WL 6588589, at *3). As this Court and others have recognized, in interpreting the scope of infringement contentions, it is appropriate to look to the patent rules of other districts. *Bam Bags*, Dkt. No. 53 at 6 n. 5 (relying on *Yama* and E.D. Tex. and N.D. Cal. decisions as "useful to understanding the general purposes and framework of local patent rules"); *Times Three*, 2014 WL 1795210, at *2–3 (looking to N.D. Cal.); *New York Univ. v. E. Piphany, Inc.*, No. 05-cv-1929 (LTS)(RLE), 2006 WL 559573, at *2 (S.D.N.Y. Mar. 6, 2006) (applying N.D. Cal. rules, denying motion to compel due to deficient infringement contentions). Accordingly, "[c]onclusory information-and-belief statements and recapitulations of the claim language do not suffice—infringement contentions must be sufficient to raise a reasonable inference that all accused products infringe and to permit the Court to make a principled decision on whether discovery will proceed." *Times Three*, 2014 WL 1795210, at *3 (citation omitted).

Under L.P.R. 6, courts in this district (and E.D.N.Y. which has an identical rule) decline to allow discovery to proceed, and even find no infringement for purposes of summary judgment, where plaintiffs fail to provide specific infringement contentions via detailed infringement claim charts. *See*, *e.g.*, *Iron Gate Sec., Inc. v. Lowe's Companies, Inc.*, No. 15-CV-8814 (SAS), 2016 WL 1070853, at *3 n. 27 (S.D.N.Y. Mar. 16, 2016) (interpreting district's L.P.R. 6 as "requiring the submission of claim charts within 45 days after the Initial Scheduling Conference"); *Nationwide Sales & Servs. Inc. v. Envirocare Techs. Int'l, Ltd.*, No. CV 16-6617 (GRB), 2018 WL 2436969, at *5 (E.D.N.Y. May 30, 2018), *aff'd sub nom. Nationwide Sales & Servs. Inc. v. Steel City Vacuum Co.*, 771 F. App'x 490 (Fed. Cir. 2019) (interpreting identical L.P.R. 6 as requiring claim charts, granting summary judgment of non-infringement due to failure to provide specific infringement contentions with charts); *Speedfit LLC v. Woodway USA, Inc.*, 432 F. Supp. 3d 183,

214 (E.D.N.Y. 2020) (failure to submit claim charts setting forth infringement contentions under L.P.R. 6 was grounds for summary judgment on non-infringement).

And though the inclusion of a chart is critical, a chart alone does not make contentions sufficient. The Federal Circuit has confirmed that infringement contentions must be specific and must "put a defendant on notice of all contentions regarding how each claim limitation is allegedly met by the accused device." *Nationwide*, 2018 WL 2436969, at *5 (citing *Canvs Corp. v. United States*, 107 Fed. Cl. 100, 103 (2012) (citation omitted). Indeed, "[t]he purpose of ... the local patent rules in general ... is to 'require parties to crystallize their theories of the case early in the litigation' so as to 'prevent the 'shifting sands' approach to claim construction.'" 2017 WL 3309724, at *3–4, citing *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (citation omitted). For this reason, a plaintiff's failure to submit claim charts setting forth its infringement contentions under L.P.R. 6 is akin to "a failure to prosecute." *Speedfit*, 432 F. Supp. 3d at 214 (failure to disclose infringement theories "highly prejudicial to defendant").

Contrary to all of this authority, Kannuu refuses to specify its infringement contentions, effectively claiming it may prosecute a patent suit without articulating a theory of infringement, providing a claim chart, or identifying the specific ways in which each claim limitation is allegedly met by each accused product. Kannuu's attempts to support this position fail. Contrary to Kannuu's claims (Ex. 3), *Times Three* did not involve a one-off "modification" of the requirement of L.P.R. 6—it simply looked to the standard applied in N.D. Cal, which this Court and many others have already found appropriate. *E.g. Bam Bags*, Ex. 4 at 6 n. 5. Nor does *Intellectual Ventures II LLC v. JP Morgan Chase & Co.*, No. 13 CIV. 3777 AKH, 2015 WL 3855069, at *1 (S.D.N.Y. June 22, 2015) support Kannuu's position. (Ex. 1 at 2; Ex. 3.) To the contrary, that court required the plaintiff to submit a claim chart, and found sanctions may be appropriate due to the shifting, elusive nature of its infringement theories. *Id*. at *6-7. (noting "disturbing pattern of casting a wide net of claims and allegations, resulting in significant discovery costs and delays.") And *Intellectual Ventures II* does not support Kannuu's request to ignore the *Yama* decision. Though the court there noted a distinction between cases in the patent pilot project and those not subject to it, it is an outlier in that regard, as demonstrated by the body of law cited above requiring specific infringement contentions via claim charts without any mention of pilot project participation. As it already has done, the Court should apply *Yama* with full force. *See Bam Bags*, Ex. 4 at 5-6. Under *Intellectual Ventures II*, Kannuu should not be allowed to proceed without specifying its infringement theories, and should be subject to sanctions should it continue to decline to do so.

Indeed, "[Rule 11's] pre-filing inquiry establishes a minimum level of detail" applicable to patent infringement contentions, and dictates that Kannuu must "compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products." *NYU v. E. Piphany*, Inc., 2006 WL 559573, at *2 (*quoting Network Caching Tech., LLC v. Novell, Inc.*, 2002 WL 32126128, at *3-4 (N.D. Cal. Aug. 13, 2002) (*citing Antonious v. Spalding & Evenflo Co*, 275 F3d 1066 (Fed. Cir. 2002) and *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)). L.P.R. 6 cannot be read to require less than this.

Samsung respectfully requests that the Court grant it leave to move to compel—and that the Court subsequently compel—adequate infringement contentions which articulate the specific ways in which Kannuu alleges the limitations of its claims exist in the accused products, on a claim by claim, element by element basis, via a chart. Samsung further requests that the Court order a re-computation of the deadline for Samsung to serve invalidity contentions, and of all other subsequent local patent rule deadlines, from the date Kannuu serves adequate contentions.

Sincerely,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Victoria F. Maroulis*