

A Registered Limited Liability Law Partnership
11620 Wilshire Blvd., 9th Floor, Los Angeles, California 90025 | (310) 697-7200

December 3, 2020

Honorable Edgardo Ramos   |   United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   <u>Kannuu Pty Ltd. v. Samsung Electronics Co., Ltd. et al.</u>, 1:19-cv-04297-ER

Dear Judge Ramos:

I represent Plaintiff Kannuu Pty Ltd. ("Kannuu") in the above-identified action.  I write to respond to Samsung's requests that the Court (a) grant Samsung leave to move to compel more detailed infringement contentions under Local Patent Rule 6 ("LPR 6"), and (b) "order a re-computation of the deadline for Samsung to serve invalidity contentions, and of all other subsequent local patent rule deadlines."  Because Kannuu fully complied with both of the LPR 6's disclosure obligations, Samsung's request for leave to move to compel should be denied, as should its request to postpone the upcoming local patent rule deadlines.

Samsung's letter begs four questions: (1) What obligations are imposed by LPR 6?  (2) Did Kannuu satisfy those obligations?  (3) Should any of the other local patent rule deadlines be changed?  (4) What was the proper procedure for Samsung to follow if it wanted the Court to impose additional disclosure requirements not set forth in LPR 6?

**Question 1: What obligations are imposed by LPR 6?**

"Unless otherwise specified by the Court," LPR 6 requires the plaintiff in a patent infringement case to do two things: (1) identify the specific claims it contends are infringed; and (2) identify the products/processes it accuses of infringement.  LPR 6 (requiring the identification of "<u>each claim</u> of each patent-in-suit that is allegedly infringed and <u>each product or process</u> of each opposing party of which the party claiming infringement is aware that allegedly infringes each identified claim.").  Unlike a Complaint for patent infringement, the contentions required by LPR 6 force a plaintiff to do more than identify a representative claim and a representative product, and instead LPR 6 helps to define the metes and bounds of the case by requiring the patent owner to identify "each" claim and "each" product/process at issue.  This helps to guide discovery and also enables the accused infringer to know which claims it needs to try to invalidate if it contests validity.

Despite the unambiguous language of LPR 6, Samsung contends that LPR 6 has additional unwritten requirements.  Contrary to Samsung's position, by default LPR 6 does not require that the party claiming infringement provide any claim charts or other explanation as to *how*

Page 2
December 3, 2020

the accused products and processes meet the limitations of the asserted claims.  *See, e.g., Intellectual Ventures II LLC v. JP Morgan Chase & Co*, 13-cv-3777 (AKH) (S.D.N.Y. 2015) ("The Local Rules do not require by their language, prior to the completion of discovery, a detailed explanation of *how* each accused product infringes or the plaintiffs' precise theory of infringement.") (Emphasis in original.)  Samsung's arguments based on Rule 11 miss the mark because LPR 6 is not designed to kick the tires on plaintiff's pre-filing analysis, and Samsung has not pointed to any authority for its attempt to tie together Rule 11 and LPR 6.

The limited disclosure obligations of LPR 6 stand in stark contrast to the more detailed disclosure obligations imposed, for example, by the Northern District of California.  For cases that are part of the SDNY's Pilot Program, the disclosure requirements mirror the more detailed requirements of the Northern District of California.  This case, however, is not part of the SDNY's Pilot Program, and the disclosure requirements are governed by LPR 6.  The *Yama Capital* case cited by Samsung is distinguishable on this basis.  The *New York Univ.* case that Samsung cites (which pre-dates the SDNY's Local Patent Rules) likewise applied the Northern District of California rules not LPR 6.

The *Iron Gate* case Samsung cites was an Order on a motion to dismiss under Rule 12(b)(6), not a motion to compel under LPR 6.  The scope of LPR 6 was not at issue, and the passing reference the court made to LPR 6 was a footnote to the following discussion: "A plaintiff is not required to list which of the claims in the patent have been infringed in its pleading; as the Federal Circuit has recently reiterated, 'a plaintiff need not even identify which claims are being infringed.'"  The court noted in the footnote that requiring the plaintiff to identify the claims in its pleading would render LPR 6 superfluous.  The footnote does not cite any authority for the proposition that LPR 6 requires claim charts nor was that at issue.  Moreover, the docket for that case contains an entry from 2015 (prior to the ruling Samsung cites) showing that the court in that case had elected to participate in the SDNY's Patent Pilot Project, which as explained above entailed more detailed disclosures.

This Court's decision in *Bam Bags* is not to the contrary.  The issue in *Bam Bags* was whether the patent owner should be allowed to conduct discovery on products that were not disclosed in the LPR 6 disclosures.  There, the plaintiff had identified only one product accused of infringement but sought discovery on other products.  The discovery issue did not turn on whether LPR 6 required claim charts or the like, which was not at issue.

**Question 2: Did Kannuu fully satisfy its obligations under LPR 6?**

A review of Kannuu's disclosures (Ex. 1 to Samsung's letter) shows that Kannuu has fully complied with both of LPR 6's express requirements.  Samsung does not dispute this aspect.

**Question 3: Should any of the other local patent rule deadlines by changed?**

At the end of its letter, Samsung requests that because Kannuu supposedly has not complied with LPR 6 the Court should postpone the other local patent rule deadlines.  Samsung's

attempt to derail the schedule raises questions about Samsung's true motives in seeking to impose additional requirements under LPR 6 only after Kannuu served its LPR 6 disclosures. In any event, leaving aside Samsung's motives, the delay Samsung seeks is unwarranted. Because the premise of Samsung's argument is false, Samsung's postponement request should be rejected. Nor is there any practical reason Samsung needs extra time. Samsung is fully able to comply with its obligations under LPR 7 (regarding invalidity contentions). As Kannuu explained to Samsung, LPR 7 (just like LPR 6) does not require claim charts or the like. Instead, it merely requires Samsung to identify "each item of prior art" and does not require Samsung to identify *how* each item of prior art applies. Moreover, Samsung already has identified in the related IPR proceeding the prior art on which Samsung relies, and therefore Samsung should have no difficulty in identifying the prior art. Notably, Kannuu asked Samsung whether Samsung believes LPR 7 requires Samsung to provide claim charts or the like, and Samsung refused to take a position on this.

**Question 4: What was the proper procedure for Samsung to follow to request that the Court impose additional disclosure obligations beyond those set forth in LPR 6?**

Under LPR 2, the parties are required to discuss at the Rule 26(f) conference any proposed modifications to the local patent rules. LPR 2. If Samsung wanted the Court to modify the disclosure requirements of LPR 6, the time to raise it with Kannuu was at the Rule 26(f) conference and the time to raise it with the Court was as part of the Rule 26(f) Report. That is what the defendant did, for example, in *Mirror Worlds v. Facebook*, 17-cv-03473 (SDNY 2017) (Dkt. Nos. 31 and 32, attached hereto as Exhibits 1 and 2). In that case, Judge Koeltl rejected Facebook's request to modify LPR 6 to add in the extra disclosure requirements that are part of the Northern District of California's rules. Judge Koeltl noted that he was one of the drafters of the SDNY's patent local rules and that the rules were intended to be kept simple. The *Nationwide* case cited by Samsung is distinguishable on this basis, as the parties' stipulated at the outset to a claim chart requirement in addition to the requirements of LPR 6. (Ex. 3 hereto.) Similarly, the claim chart requirement in *Speedfit* evidently was imposed under an Amended Scheduling Order and plaintiffs did not dispute that they were required to submit claim charts. Here, Samsung did not request any modification to the disclosure requirements and Kannuu did not agree to any modifications. Instead, the parties agreed the disclosures would be governed by LPR 6. Dkt. No. 40-1. Now, only after Kannuu has served its disclosures, does Samsung belatedly ask for more.

If Samsung wants this Court to impose new, additional obligations on Kannuu, Samsung is free to make that request via the proper procedure. Courts (such as in the *Times Three Clothier* case Samsung cites) sometimes exercise their discretion to require more than the default disclosures, but only under unusual circumstances that are not present here. And a motion to compel compliance with LPR 6 is not the proper procedure for that, as Kannuu already complied with LPR 6 and cannot be compelled to comply with requirements that were never imposed. Samsung's attempt to taint Kannuu with the stigma of being on the losing end of a motion to compel should be rejected as Kannuu has done nothing wrong.

Page 4
December 3, 2020

                                      Respectfully submitted,

                                      /s/ Perry Goldberg

                                      Perry Goldberg
                                      Progress LLP