# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRROR WORLDS TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 1:17-cv-03473-JGK<br><br>**JURY TRIAL DEMANDED** |

## JOINT RULE 26(f) REPORT

Counsel for plaintiff Mirror Worlds Technologies, LLC ("Mirror Worlds") and defendant Facebook, Inc. ("Facebook") have met and conferred in accordance with Federal Rule of Civil Procedure 26(f), and submit this Joint Rule 26(f) Report.

### I.    RULE 26(f) CONFERENCE

Counsel for the parties conducted a Rule 26(f) conference by telephone on June 26, 2017. The parties discussed the Rule 26(f) subjects, as well as the topics to be covered by the Local Patent Rules. Ben Wang participated as counsel for Mirror Worlds. Benjamin Damstedt participated as counsel for Facebook.

### II.    NATURE OF THE ACTION

This is a patent infringement action in which Mirror Worlds asserts that Facebook infringed one or more claims of U.S. Patent Nos. 6,006,227 (the "'227 Patent"), 7,865,538 (the "'538 patent"), and 8,255,439 (the "'439 Patent") (collectively, the "Asserted Patents"). Facebook denies Mirror Worlds' allegations and further asserts that the patents are invalid and that Mirror Worlds' case is subject to the defenses and limitations pled in Facebook's answer.

### III.    LEGAL ISSUES

This is an action for patent infringement. The principal issues are likely to be:

1. Whether Facebook has infringed the patents-in-suit in violation of 35 U.S.C. §§ 271(a);

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED. _7-18-17_

2. Whether the patents-in-suit and any term extensions are valid;

3. The defenses pled in Facebook's answer;

4. The proper construction of the asserted claims of the patents-in-suit;

5. If the patents are infringed and valid, the amount, if any, of Mirror Worlds' damages under 35 U.S.C. § 284; and

6. Whether attorneys' fees, costs, or expenses are recoverable under 35 U.S.C. §§ 284 and/or 285.

## IV. PROPOSED DISCOVERY PLAN

### A. FRCP 26(f)(3)(A) – Changes to Disclosure under Rule 26(a)

The parties do not believe that any changes to the disclosures under Rule 26(a) are necessary. The parties propose exchanging initial disclosures on July 28, 2017.

### B. FRCP 26(f)(3)(B) – Subjects of Discovery

The parties expect that discovery may be needed on at least the following subjects:

1. The patents-in-suit;

2. The named inventors of the patents-in-suit;

3. Businesses and products related to the patents-in-suit;

4. Claim construction;

5. Facebook's knowledge of the patents-in-suit;

6. Licensing of the patents-in-suit;

7. Alleged infringement of the patents-in-suit;

8. Alleged invalidity and unenforceability of the patents-in-suit, including prior art to the patents-in-suit and secondary considerations;

9. The accused products;

10. Facebook's development, production, and sales of the accused products;

11. Facebook's patent licensing practices/activities;

12. Any affirmative defenses ultimately raised by Facebook; and

13. Mirror Worlds' requested relief.

2

**C.      FRCP 26(f)(3)(C) – Electronically Stored Information**

The parties intend to submit an ESI protocol that will address, among other things, email discovery. To the extent the parties are unable to resolve any disputes concerning the scope of an ESI protocol, the parties will separately present their competing provisions for the Court to review and decide.

**D.      FRCP 26(f)(3)(D) – Privilege**

The parties agree that privileged or protected documents created on or after the commencement of this action shall not be included on any privilege log except as otherwise agreed to by the parties or ordered by the Court. The parties agree to exchange privilege logs and to negotiate a mutually agreeable deadline for such exchange.

**E.      FRCP 26(f)(3)(E) and (F) – Changes to Limitations and Other Orders**

The parties propose to limit the number of hours of depositions to a total of 70 hours per side. Each deposition counts as a minimum of 5 hours against the total.

Pursuant to Local Patent Rule 2, the parties have agreed to the modified deadlines per proposed in the table below.

Except to the extent inconsistent with the proposed case schedule below, and as noted above, the parties do not believe that any changes to the Federal Rules of Civil Procedure governing discovery are needed at this time.

The parties anticipate the need for a protective order. The parties have agreed to meet and confer in order to submit a proposed a protective order for entry by the Court. To the extent the parties are unable to resolve any disputes concerning the scope of a proposed protective order, the parties will separately present their competing provisions for the Court to review and decide. No additional parties may be joined except with leave of the Court.

Facebook's Proposal Regarding Infringement and Invalidity Contentions:

> To streamline the litigation and avoid otherwise unnecessary discovery requests, Facebook proposes that the infringement and invalidity contentions

3

scheduled below be adjusted to incorporate the following provisions of the Patent

Local Rules of the Northern District of California: 3-1(a) - (c) and (e) - (g); 3-3(a)

- (d); and 3-6, which address infringement contentions, invalidity contentions, and

the good cause standard.    These provisions require the baseline level of

information that would be addressed in any patent case, and are intended to

prevent a shifting-sands approach to litigation.

Mirror Worlds' Response to Facebook's Proposal to Alter this Court's Patent Local Rules

Regarding Infringement and Invalidity Contentions:

This Court's Local Patent Rules, including LPR 6 and 7, provide a

carefully crafted framework for streamlining patent litigation and managing

discovery.    Facebook provides no explanation for why it or this case warrants

special treatment.    And, for good reason, this District has previously rejected

similar efforts by defendants. See, e.g., Intellectual Ventures II, LLC v. JP

Morgan Chase, Case No. 1:13-cv-03777-AKH, D.I. 442 at 9 (S.D.N.Y. June 22,

2015) (in rejecting the applicability of the N.D. Cal. Patent Local Rules: "Indeed,

the Court is doubtful of the utility of such detailed infringement contentions prior

to discovery and the instant dispute only reinforces those doubts."). Importing the

local rules from another district is not warranted or appropriate in this case.

Facebook's Proposal Regarding Limiting Claims and References:

Given the large number of claims in the patents-in-suit, Facebook also

proposes adopting the procedures for narrowing the scope of the case.    The

patents-in-suit include 115 claims.    Although many claims were invalidated in

prior litigation, scores of claims remain.    To date, Mirror Worlds has not

identified the identity or the number of claims it intends to assert.    Facebook's

proposal would ensure that the parties continue to focus the claims and defenses

through the case to prepare it for trial. See, e.g., In re Katz, 639 F.3d 1303, 1311

(Fed. Cir. 2011); Software Rights Archive v. Facebook, No. 12-cv-3970, ECF No.

4

41 (N.D. Cal. Feb. 15, 2013); *Medtronic Minimed v. Animas*, No. 12-cv-4471, 2013 WL 3322248 (C.D. Cal. Apr. 5, 2013); *Network Prot. Scis. V. Fortinet*, No. 12-1106, 2013 WL 1949051, at *3 (N.D. Cal. May 9, 2013). Mirror Worlds also argues about the timing of the elections. Facebook is flexible on the specific timing of elections, and its current proposal intends to avoid the waste of unnecessarily engaging in claim construction exchanges for claims that Mirror Worlds intends to drop from the case.

Facebook proposes the procedures included in the Model Order Limiting Excess Patent Claims and Prior Art that was proposed by the Federal Circuit Model Order Committee, adapted to fit the schedule below, the number of patents-in-suit, and clarified with respect to counting prior art references:

- By November 10, 2017, the patent claimant shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent. By December 22, 2017, the patent defendant shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent.

- Not later than 28 days after the Court issues its Claim Construction Order, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent from among the ten previously identified claims. Not later than 14 days after service of a Final Election of Asserted Claims, the patent defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent.

Case 1:17-cv-03473-JGK Document 30 Filed 07/10/17 Page 6 of 11

- Associated references by the same prior artist or artists shall count as one reference. This election does not limit the number of prior art references that may be used for other purposes, such as describing the state of the art, providing evidence of motivations to combine, addressing secondary considerations, or discussing issues related to damages.

<u>Mirror Worlds' Response to Facebook's Additional Proposals Regarding Limiting Claims and References:</u>

This Court's Local Patent Rules are sufficient at this time to ensure the efficient prosecution of this matter. While Facebook apparently believes this case is unique among this Court's patent docket as to warrant departure from the Court's Local Rules, this case involves a manageable set of patents and claims. Specifically, Mirror Worlds asserts three related patents, and not one has more than 4 independent claims.

Facebook's proposed additional procedures for narrowing the asserted claims and prior art are not necessary, beneficial, or sensible at this time. The parties have not yet even identified which claims are being asserted, or which defenses are being advanced. Facebook's assumption that there are a "large number of claims" being asserted is premature and speculative. Unless and until that has happened, it makes no sense to agree upon an unorthodox procedure not contemplated by the Local Rules to address a hypothetical problem. Further, even if such a procedure were to be adopted, Facebook's proposal makes no sense. If claims and defenses are to be narrowed, it should be either before the parties start work on the joint claim construction statement or, more appropriately, after the Court has issued claim construction order. But Facebook's proposal would force Mirror Worlds to limit its claims before claim construction proceedings begin, while reserving solely for itself the ability to adjust its prior art theories until after

claim construction positions have been made. Facebook's proposal is inefficient, unfair and makes no sense.

Moreover, given the length and extent of the parties' responses to these proposals and the likely dispositive impact to the case by Facebook's proposals, these issues are more appropriately raised through fully briefed motions when and only if Facebook's concerns of an unreasonable amount of claims and prior art actually comes to pass.

### F.     Electronic Service

The parties agree that communications and service of documents between and among them, including correspondence, motions and legal memoranda, and discovery requests and responses, will occur by email to the extent practicable, with reasonable safeguards to ensure the parties' email receipt. To the extent email is not practicable, communications and service of documents between and among the parties will occur in electronic format by file transfer or via DVD. Each party shall provide the names of counsel to be copied and/or an "alias" or distribution list that includes counsel. The parties agree that service by email will count as mail service under Fed. R. Civ. P. 5(b)(2)(C) for purposes of Fed. R. Civ. P. 6(d).

### V.     PROPOSED CASE MANAGEMENT SCHEDULE

The Parties agree to comply with the Southern District of New York Local Patent Rules, with any exceptions set forth herein. The parties' respective proposals are set forth below. In addition to the parties' dispute regarding limiting claims and prior art references (and the associated dates), the parties present alternative proposed dates for events occurring after issuance of the claim construction order. Mirror Worlds proposes fixed dates, and Facebook proposes variable dates based upon issuance of the claim construction order. Mirror Worlds believes the fixed dates it proposes are necessary to keep the case moving and are consistent with the timing of the Court's issuance of a claim construction order, and as such that the parties will not expend needless resources on litigating the case in the absence of the Court's constructions. Facebook believes that a rolling schedule based on the issuance of the claim construction order

7

could eliminate or streamline much of the work for the Court and the parties, focusing discovery and motion practice on the Court's constructions instead of addressing alternative theories under competing constructions. If the Court adopts a date-certain format, the parties have provided a joint set of proposed dates in the "Date Certain Proposal" column. Likewise, if the Court adopts a rolling format, the parties have provided a joint set of proposed time periods in the "Rolling Proposal" column.

| Event | Date Certain Proposal | Rolling Proposal |
|---|---|---|
| Exchange Initial Disclosures | July 28, 2017 | Same |
| Disclosure of Asserted Claims and Infringement Contentions pursuant to Local Patent Rule 6 (subject to the dispute above) | August 31, 2017 ✓ | Same |
| Invalidity Contentions Local Patent Rule 7 (subject to the dispute above) | October 17, 2017 ✓ | Same |
| Exchange of Proposed Terms for Construction | November 17, 2017 | Same |
| Exchange of Preliminary Claim Constructions and Identification of any Extrinsic Evidence, including Expert Testimony | December 1, 2017 ✓ | Same |
| File Joint Disputed Claim Terms Chart pursuant to Local Patent Rule 11 | December 15, 2017 | Same |
| Completion of Claim Construction Discovery | December 22, 2017 | Same |
| Plaintiff's Opening Claim Construction Brief pursuant to Local Patent Rule 12(a) | January 15, 2018 | Same |
| Defendants' Responsive Claim Construction Brief pursuant to Local Patent Rule 12(b) | February 14, 2018 | Same |
| Plaintiff's Reply Claim Construction Brief pursuant to Local Patent Rule 12(c) | February 21, 2018 | Same |
| Claim Construction Hearing | **To be set by the Court.** | Same |

8

| Event | Date Certain Proposal | Rolling Proposal |
|---|---|---|
| Opinion of Counsel Production pursuant to Local Patent Rule 10 | June 29, 2018 | 30 days after the claim construction order |
| Close of Fact Discovery | September 28, 2018 | 90 days after the claim construction order |
| Opening Expert Reports (for issues upon which the party bears the burden of proof) | October 30, 2018 | 120 days after the claim construction order |
| Responsive Expert Reports | November 30, 2018 | 150 days after the claim construction order |
| Close of Expert Discovery | December 14, 2018 | 180 days after the claim construction order |
| Dispositive and Daubert Motions | January 11, 2019 | 210 days after the claim construction order |
| Hearing on Dispositive and Daubert Motions | **To be set by the Court** | **To be set by the Court** |
| Motions in Limine | April 29, 2019 | **To be set by the Court** |
| Pretrial Conference Order | May 17, 2019 | **To be set by the Court** |
| Final Pretrial Conference | **To be set by the Court** | **To be set by the Court** |
| Jury Trial | **To be set by the Court** | **To be set by the Court** |

## VI.    EXPECTED LENGTH OF TRIAL

The parties both request a jury trial. The parties believe that ten (10) court days should be sufficient to try the issues in this case.

## VII.    SETTLEMENT DISCUSSIONS

The parties intend to engage in good-faith settlement discussions.

So ordered.

_John G. Koeltl_
U.S.D.J.

7/17/17.

9

Respectfully submitted,

DATED: July 10, 2017                    **RUSS, AUGUST & KABAT**


_____/s/ Marc A Fenster_____
Marc A Fenster (CA SBN 181067)
Email mfenster@raklaw.com
Benjamin T. Wang (CA SBN 228712)
Email: bwang@raklaw.com
Arka D. Chatterjee (CA SBN 268546)
Email: achatterjee@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Charles R. Macedo (NY Bar No. 2328318)
Email: cmacedo@arelaw.com
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
21st Floor
New York, NY 10016
Telephone: (212) 336-8000
Facsimile: (212) 336-8001

Attorneys for Plaintiff
Mirror Worlds Technologies, LLC

By: /s/ Heidi L. Keefe

Heidi L. Keefe (CA 178960)
Mark Weinstein (CA 193043)
Benjamin G. Damstedt (CA 230311)
Alexandra M. Leeper (CA 307310)
COOLEY LLP
3175 Hanover Street
Palo Alto, California 94304-1130
Phone:  (650)843-5000
Facsimile: (650)849-7400
hkeefe@cooley.com
mweinstein@cooley.com
bdamstedt@cooley.com
aleeper@cooley.com

Joseph Drayton  (NY 2875318)
COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036-7798
Phone: (212) 479-6000
Facsimile: (212) 479-6275
jdrayton@cooley.com

Attorneys for Defendant Facebook, Inc.