UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KANNUU PTY LTD.,

                Plaintiff,

     – against –

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA,
INC.,

                Defendants.

**OPINION & ORDER**

19 Civ. 4297 (ER)

RAMOS, D.J.:

        Kannuu Pty, Ltd. ("Kannuu") filed this suit against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") for patent infringement and breach of contract. Samsung subsequently petitioned the Patent Trial and Appeal Board ("PTAB") for inter partes review ("IPR") of the five patents at issue in the instant suit, and through those proceedings, all five patents were invalidated.

        Kannuu now moves for leave to amend the complaint to add two new patents, and Samsung cross-moves to dismiss the complaint for lack of subject matter jurisdiction. For the following reasons, Kannuu's motion for leave to file a second amended complaint is GRANTED, and Samsung's motion to dismiss is DENIED.

I.     BACKGROUND

        **A.  Underlying Case**

        Kannuu is an Australia-based start-up company that developed search-and-navigation technology for various media-related products, including Smart TVs and Blu-ray players. Doc. 29 ¶ 24. Kannuu's technology allowed consumers to use a four-direction navigation pad on remote controls to search for information or media content on their media devices. *Id.* ¶ 25.

        Samsung is an electronics manufacturing company that produces, among other things, Smart TVs and Blu-ray DVD players. *Id.* ¶¶ 25, 40.

On March 6, 2012, Kannuu received an inquiry from Samsung regarding its search-and-navigation technology, and Kannuu soon after presented an overview of its product to Samsung. *Id.* ¶¶ 26–28. On April 5, 2012, Kannuu and Samsung Electronics America, Inc. entered into a non-disclosure agreement (the "Agreement") to further their business relationship and to protect unauthorized disclosure of information deemed confidential by them. *Id.* ¶ 29; Doc. 29-6. The Agreement provides that:

> [e]ach party recognizes and agrees that nothing contained in this Agreement will be construed as granting any rights to the receiving party, by license or otherwise, to any of the Confidential Information disclosed by the disclosing party except as specified in this Agreement . . . Nothing in this Agreement shall be deemed to grant to either party a license under the other party's copyrights, patents, trade secrets, trademarks[,] or other intellectual property rights.

Doc. 29-6 ¶ 8. The Agreement went into effect on April 5, 2012, *id.* at 1, and, generally, continued for two years from that date. *See id.* ¶ 13. However, the Agreement also states that "obligations regarding Confidential Information will survive the expiration . . . of this Agreement for the period set forth in Section 3 of [the] Agreement." *Id.* Under section 3, the parties agreed that, for a period of five years from the date of disclosure of confidential information, they "will (i) hold the Confidential Information disclosed by the other party in confidence, (ii) not disclose such Confidential Information to any one other than" representatives of the recipient party, "and (iii) not use Confidential Information for any purpose except for" furthering the business relationship between the parties. *Id.* ¶ 3. The Agreement also contains a forum selection clause, which requires that any legal action "arising out of or relating to [the] Agreement . . . must be instituted exclusively in a court of competent jurisdiction, federal or state, located within the Borough of Manhattan, City of New York, State of New York and in no other jurisdiction." *Id.* ¶ 15.

After over a year of presentations and information transfers from Kannuu to Samsung regarding Kannuu's technology, Samsung informed Kannuu on July 1, 2013 that it was no longer interested in adopting Kannuu's technology and would stop

reviewing the integration opportunities.  Doc. 56-24 ¶ 7.  Nonetheless, according to Kannuu, and unbeknownst to Kannuu at the time, Samsung in fact continued to access Kannuu's proprietary technology after July 1.  *Id.* ¶¶ 8–9.  As an example, Kannuu alleges that, on July 8, 2013, Samsung impermissibly accessed the demonstration platforms Kannuu had built for Samsung's evaluation of Kannuu's technology over 2,500 times.  *Id.* ¶ 9; *see also* Doc. 29 ¶¶ 58, 241.  Kannuu unsuccessfully attempted to reengage Samsung in licensing discussions over the next few months.  Doc. 29 ¶¶ 59–60.  On November 14, 2013, Kannuu held its last meeting with Samsung to try to reach an agreement regarding a patent license.  *Id.* ¶ 70.  Samsung ultimately determined not to adopt Kannuu's technology.

On May 10, 2019, Kannuu filed a complaint in this Court, asserting that Samsung infringed four of its patents:  the '393 patent, '852 patent, '354 patent, and '264 patent.  Doc. 1.  Specifically, Kannuu alleged that various Samsung Smart TVs and Blu-ray DVD players incorporate Kannuu's technology associated with those patents.  *See, e.g.*, *id.* ¶ 34.  Kannuu also brought a claim for breach of the Agreement, alleging that Samsung improperly accessed Kannuu's propriety technology in violation of the Agreement.  *See, e.g.*, *id.* ¶¶ 169–70.  On October 1, 2019, Kannuu filed a first amended complaint, adding claims that Samsung infringed a fifth patent, the '579 patent.  Doc. 29.  On October 15, 2019, Samsung filed its answer to Kannuu's first amended complaint, consenting to personal jurisdiction and venue in this Court.  Doc. 35.

### B. IPR Proceedings and Stay of the Civil Matter

On March 17, 2020, Samsung petitioned the PTAB for IPR of all claims of the five patents at issue in the first amended complaint, arguing that the patents are invalid as obvious and not novel.  Docs. 56-1, 56-2, 56-3, 56-4, and 56-5.  On September 22, 2020, the PTAB denied institution of review for the '264, '852, and '579 patents.  Docs. 56-11, 56-12, and 56-13.  On September 23, 2020, the PTAB granted review of the '354 and '393 patents.  Docs. 56-14 and 56-15.  On October 7, 2020, Kannuu filed a request for

3

rehearing, along with a request for precedential panel review, seeking a ruling that the PTAB can and should use its discretion to consider whether the Agreement's forum selection clause bars the PTAB from reviewing the patents at issue. *See* Docs. 56-17 and 56-18.

Following a pre-motion conference, Kannuu moved this Court on October 21, 2020 for a preliminary injunction, seeking to enjoin Samsung from pursuing IPR. Doc. 54. On October 23, 2020, Samsung filed a motion to stay litigation pending resolution of the IPR proceedings. Doc. 61. And on November 20, 2020, Kannuu filed a motion for leave to supplement the first amended complaint by adding a claim for breach of the Agreement's forum selection clause. Doc. 78. On January 19, 2021, the Court denied Kannuu's motions for a preliminary injunction and for leave to supplement, and granted Samsung's motion to stay the matter pending resolution of the IPR proceedings regarding the '354 and '393 patents. *See Kannuu Pty Ltd. v. Samsung Electronics Co.*, No. 19 Civ. 4297 (ER), 2021 WL 195163, at *11 (S.D.N.Y. Jan. 19, 2021), *aff'd,* 15 F.4th 1101 (Fed. Cir. 2021).

Kannuu states that on September 21, 2021, the PTAB "issued final written decisions finding that the asserted claims of the '354 and '393 patents were invalid." Doc. 120 at 4; *see also* Doc. 124 ¶ 7. The Federal Circuit affirmed those findings on October 11, 2023. *Kannuu Pty Ltd. v. Samsung Electronics America, Inc.*, No. 2022-1526, 2023 WL 6613792 (Fed. Cir. Oct. 11, 2023).

On May 28, 2021, Samsung filed Ex Parte Reexamination ("EPR") requests against the '852, '579, and '264 patents. Doc. 120 at 4. Samsung provides that, on July 2, 2021, the United States Patent and Trademark Office ("USPTO") ordered an EPR of the '264 patent, and on July 6, 2021, it ordered the same for the '852 and '579 patents. Doc. 124 ¶¶ 10, 16. On January 26, 2022, the Court extended the stay on the instant civil matter in light of the pending USPTO proceedings. *See* Doc. 111 at 3–4.

Samsung states that on July 28, 2022, the USPTO issued final rejections against the '852 and '579 patents' claims, and on September 2, 2022, it issued a final rejection against the '264 patent's claims. Doc. 124 ¶¶ 11, 17. Following Kannuu's appeals as to each, the PTAB affirmed the invalidity of the '852, '579, and '264 patents on September 19, 2023. *Id.* ¶¶ 13, 19. Samsung states that the USPTO issued its reexamination certificates canceling all claims of the '852, '579, and '264 patents—three of the five patents from the first amended complaint—on May 24, June 3, and May 31, 2024, respectively. *Id.* ¶¶ 14, 15, 20.

Meanwhile, during the stay, the USPTO granted Kannuu two new patents: on December 14, 2021, it issued the '252 patent, and on February 7, 2023, it issued the '939 patent. *See* Doc. 120 at 4.

On February 9, 2024, the USPTO issued IPR certificates canceling all claims of the remaining two of the five patents from the first amended complaint: the '393 and '354 patents. Doc. 124 ¶ 9.

### C. Lifting of the Stay and Instant Motions

On July 30, 2024, the parties filed a joint status letter informing the Court that the PTAB proceedings had concluded and thus requesting that the stay be lifted; the parties also presented their respective positions as to what should happen upon the stay being lifted. Doc. 116. Kannuu provided that, while its five original patents were invalidated in light of prior art identified by Samsung, Kannuu had been issued a new patent, the '252 patent, that was deemed novel over all prior art identified by Samsung. *Id.* at 1. Kannuu therefore stated that, upon the stay being lifted, it would move to amend the complaint to add the '252 patent. *Id.*[1] Samsung, on the other hand, stated that upon the stay being lifted, it would move to dismiss the first amended complaint for lack of subject matter jurisdiction. *Id.* at 3. It explained that, because all of the patents in the first amended

---

[1] In this joint status letter, Kannuu made no mention of the new '939 patent. Samsung states that Kannuu first mentioned the '939 patent in its instant motion for leave. Doc. 124 ¶ 24.

5

complaint had been declared invalid, "[w]ith the patent claims out of the case, there is no supplemental jurisdiction under 28 U.S.C. § 1367 . . . over the remaining breach [of the Agreement] claim." *Id.* Samsung additionally stated that it would oppose any motion to amend the complaint, in part because "[t]he '252 patent is related to the originally asserted, now invalid, '264 patent, and its claims are substantially similar." *Id.* at 4. Therefore, Samsung stated it "fully expects the USPTO to invalidate the '252 patent just as it invalidated the '264 patent." *Id.*

The Court held a conference on August 14, 2024, at which it lifted the stay and set a briefing schedule for the motion for leave to amend and the motion to dismiss. *See* Min. Entry dated Aug. 14, 2024. At that conference, Kannuu stated that it would likely file a motion to *supplement*—not amend—as the amended complaint would concern patents issued after the complaint was filed. Samsung opined that the proper motion would likely be a motion to *amend*—not supplement—since Kannuu would be seeking to add a new cause of action, not a new transaction or occurrence. The Court declined to make a determination as to which procedural mechanism should be pursued. Moreover, the parties disagreed as to the order in which the Court should consider the respective motions. Samsung argued that the first motion should be the motion to dismiss, because if the Court were to dismiss based on a lack of subject matter jurisdiction, it would not have jurisdiction to grant leave to amend. Kannuu, on the other hand, argued that the Court should first determine whether or not it would be futile to amend the complaint, because if the Court determined that no federal claim should be added, its analysis of the motion to dismiss would be simpler. The Court set a briefing schedule, allowing for Kannuu to make its motion to amend or supplement the complaint first, and for Samsung to file its opposition and any cross-motion to dismiss second.

On September 4, 2024, Kannuu filed the instant motion to amend the first amended complaint. Doc. 119. Kannuu seeks to assert claims of infringement of the new patents—the '252 and '939 patents—and to drop its infringement claims for the five

6

previously asserted, now invalid, patents. *Id.*; Doc. 120 at 4. On September 25, 2024, Samsung filed a cross-motion to dismiss the first amended complaint, arguing that the Court should not exercise supplemental jurisdiction over the "remaining" state breach of contract claim. Doc. 121; *see also* Doc. 122 at 2. Also on September 25, Samsung filed its opposition to Kannuu's motion to amend, arguing in part that, assuming the Court declines to exercise supplemental jurisdiction over the state law claim, the Court "does not currently have subject matter jurisdiction over Kannuu's case." Doc. 124 at 18.[2]

## II.    DISCUSSION

The Court will first address the motion to amend. *See GGC International Limited v. Ver*, No. 24 Civ. 1533 (JPC), 2025 WL 81319, at *1 (S.D.N.Y. Jan. 13, 2025) ("When a court is faced with [a] motion[] to dismiss one complaint and a motion for leave to file an amended complaint, the court may focus first on the motion for leave to amend because granting the motion for leave to amend moots the pending motion[] to dismiss." (quoting *Cummins, Inc. v. New York Life Insurance*, No. 10 Civ. 9252 (TPG), 2012 WL 3870308, at *2 (S.D.N.Y. Sept. 6, 2012))).

### A.    Leave to Amend

#### 1.    Legal Standards

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its complaint pursuant to the other party's written consent or the court's leave. Fed. R. Civ. P. 15. Rule 15(a) states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(d) states that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Further, it provides that "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or

---

[2] Samsung additionally opposes leave to amend on substantive grounds, as further discussed below.

7

defense." *Id.* Notably, "Rule 15(d) 'reflects a liberal policy favoring a merit-based resolution of the entire controversy between the parties.'" *Altowaiti v. Cissna*, No. 18 Civ. 508 (ER), 2020 WL 2036703, at *3 (S.D.N.Y. Apr. 28, 2020) (quoting *Witkowich v. Gonzales*, 541 F. Supp. 2d 572, 590 (S.D.N.Y. 2008)).

"Where the plaintiff seeks to add related claims against the same defendants, the analysis used to determine whether supplementation is appropriate under Rule 15(d) is identical to the analysis used to determine whether amendment is appropriate pursuant to Rule 15(a)." *Kleeberg v. Eber*, 331 F.R.D. 302, 315 (S.D.N.Y. 2019) (citation omitted). Under Rule 15(a), "a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *See Agerbrink v. Model Service LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016). As a general rule, leave to amend a complaint should be freely granted. *Jin v. Metropolitan Life Insurance Co.*, 310 F.3d 84, 101 (2d Cir. 2002). District courts have broad discretion in deciding whether to grant leave to amend. *Pasternack v. Laboratory Corp. of America*, 892 F. Supp. 2d 540, 549 (S.D.N.Y. 2012) (citation omitted).

2. *Analysis*

Kannuu seeks to add infringement allegations pertaining to its two new patents, and to drop its infringement claims based on the previously asserted, now-invalidated patents. *See* Doc. 120 at 1. Samsung opposes Kannuu's motion on the ground that the new patents are not connected to the original pleading as required by Rule 15(d), as well as on grounds of undue delay, futility, and undue prejudice.

a. *Rule 15(d)*

As a threshold matter, Samsung—reversing its position from the August 14, 2024 conference—argues that Kannuu's motion should be analyzed under Rule 15(d), not 15(a), because in seeking to add patents issued after the operative pleading was filed, Kannuu seeks to supplement the complaint with alleged acts of infringement that

8

necessarily occurred after the operative pleading was filed. Doc. 124 at 6–7; *see* Fed. R. Civ. P. 15(d) (permitting "a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented"). The Court agrees that Rule 15(d) is the appropriate lens through which to analyze Kannuu's motion, because the new patents were issued after the first amended complaint was filed.

Moreover—albeit contrary to Samsung's argument—the Court finds that Kannuu sufficiently establishes the "threshold consideration" for Rule 15(d), that "the supplemental facts connect [the supplemental pleading] to the original pleading." Doc. 124 at 7 (quoting *In re Elysium Health-ChromaDex Litigation*, No. 17 Civ. 7394 (LJL), 2021 WL 194994, at *4 (S.D.N.Y. Jan. 19, 2021)). Kannuu seeks to add new patents that Samsung allegedly "infringes by virtue of the same infringing feature that is already at issue in this case." Doc. 120 at 1. Kannuu explains that "[t]he new patents are a continuation of one of the previously asserted patents," and that the accused products and allegedly infringing activities by Samsung are the same as those pertaining to the prior patents. *Id.* at 8. Kannuu's supplemental pleading is thus clearly "designed to obtain relief *along the same lines*, pertaining to the same cause, and based on the same subject matter or claim for relief, as set out in the original [pleading]." *Slavenburg Corp. v. Boston Insurance Co.*, 30 F.R.D. 123, 126 (S.D.N.Y. 1962) (emphasis and alterations in original) (quoting *United States v. Russell*, 241 F.2d 879, 882 (1st Cir. 1957)); *see also Lamoureux v. AnazaoHealth Corp.*, 669 F. Supp. 2d 227, 236 n.12 (D. Conn. 2009) (collecting cases) ("[T]here is substantial authority for allowing supplemental pleadings where the new infringement claims relate to the same technology or to new patents containing similar claims as those in the original patent."), *amended on reconsideration on other grounds*.

Samsung argues that Kannuu must, but fails, to show a connection between the new patent claims and the state breach of contract claim, not the old patent claims,

9

because the old patent claims "are now defunct and Kannuu's proposed amended complaint *removes* those claims from the case." Doc. 124 at 7 (emphasis in original). While Kannuu does not dispute that the infringement claims premised on the old patents should be removed, however, Samsung provides no authority for the proposition that the new facts should connect specifically to the state breach of contract claim that remains. Therefore, the Court finds that Kannuu meets the threshold requirement of Rule 15(d) that the new elements connect the supplemental pleading to the "original pleading." *In re Elysium*, 2021 WL 194994, at *4.

  b. *Undue Delay*

  Samsung claims that Kannuu engaged in dilatory tactics by announcing the new patents only upon the conclusion of the stay—which was put in place while the IPR proceedings on the original five patents took place. The '252 and '939 patents were issued on December 14, 2021 and February 7, 2023, respectively, after this case was stayed on January 19, 2021. Samsung states: "The first time Kannuu mentioned the '252 patent to Samsung was in a draft of the parties' status report on July 19, 2024—*three years* after it issued. The first time Kannuu mentioned the '939 patent was in its motion for leave filed three weeks ago—*more than a year and a half* after it issued." Doc. 124 at 9 (emphasis in original). Samsung argues that, had Kannuu informed it and the Court earlier "that it intended to add new patents into the case when the stay was lifted," Samsung "would have been able to seek relief from the PTAB through IPR proceedings for the two new patents while the parties were actively litigating related patents in that forum and this case was stayed." *Id.* at 9, 10.

  Kannuu responds that it "could not assert the new patents in this case prior to the Court lifting the stay," Doc. 120 at 1, and while "Samsung faults Kannuu for not seeking leave sooner," Samsung itself "concedes that doing so first would have required the lifting of the stay before the IPR proceedings were concluded." Doc. 126 at 3. Further, Kannuu states, had it "jumped through the hoops suggested by Samsung," the only

10

difference it would have made is that Samsung would already have instituted IPRs on the new patents. *Id.* at 3–4.[3]

The Court declines to deny Kannuu's motion on the basis of undue delay, as it finds no indication that Kannuu acted in bad faith or that Samsung is unduly prejudiced by the delay. Kannuu informed the Court of its intention to seek leave to add at least one of the new patents—the '252 patent—in the same status report informing the Court that the IPR proceedings had concluded and requesting that the Court lift the stay. Doc. 116. While it is true that Kannuu could have informed Samsung and the Court as to the existence of the patents at an earlier date, Kannuu correctly notes that it could not have made the motion for leave to amend without the stay first being lifted. And as Kannuu notes, the only difference in outcome had it mentioned the patents earlier would be that Samsung could have initiated the IPR proceedings earlier. Yet, Samsung does not identify how it is prejudiced, nor how Kannuu benefits, from Kannuu's delay. Samsung argues that Kannuu's motivation for its allegedly dilatory tactics was as follows:

> Kannuu anticipated that its patents would survive and the two new patents could be added to this case without Samsung having first had a chance to attack them through an IPR. Kannuu gambled and lost, it should not be rewarded for doing so.

Doc. 124 at 9. However, Samsung does not explain why, had Kannuu's earlier patents not been invalidated, the two new patents would have necessarily been added to the case without Samsung attacking them through an IPR—as it seems poised to do now. In other words, Samsung identifies "mere delay," which the Second Circuit has said "does not provide a basis for a district court to deny the right to amend" "absent a showing of bad faith or undue prejudice." *Altowaiti*, 2020 WL 2036703, at *4 (quoting *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *see also Consumer*

---

[3] Kannuu also responds to Samsung's argument that future IPRs could further delay resolution of the state breach of contract claim, by noting that it was Samsung that requested that the stay on this case apply to that claim, and by stating that it "is willing to agree as a condition for leave that if IPRs are instituted by the PTAB with respect to the new patents, Kannuu will not seek a stay of the contract claim." Doc. 126 at 4.

*Financial Protection Bureau v. MoneyGram Int'l, Inc.*, No. 22 Civ. 3256 (KPF), 2025 WL 297389, at *7 (S.D.N.Y. Jan. 24, 2025) (quoting *Contrera v. Langer*, 314 F. Supp. 3d 562, 566 (S.D.N.Y. 2018)); *United States v. International Business Machines Corp.*, 66 F.R.D. 223, 229 (S.D.N.Y. 1975) ("This court will adhere to the clear rule that delay is an insufficient basis for denial of leave to amend.  Therefore, the fact that plaintiff's motion was made more than five years after the commencement of this action is, in itself, inconsequential.").  Particularly given that this case has been stayed and thus discovery has not begun, the instant delay, without more, does not compel a denial of Kannuu's motion.

    c.  *Futility*

Samsung argues that Kannuu's motion is futile because the new patents will be invalidated for the same reasons as the five invalidated patents.  Doc. 124 at 10.  Samsung provides a chart with side-by-side comparisons of the old and new patents, showing that claim 1 of each new patent contains language similar to the claims of the invalidated patents.  *See* Doc. 124 at 11–14.  Based on that mapping, Samsung argues:

> Kannuu's '252 and '939 patents are merely reassertions of the same supposed inventions that the USPTO, the PTAB, and the Federal Circuit have already determined to be unpatentable.  Kannnu should not be allowed to needlessly perpetuate this case by supplementing its pleadings to add still more invalid patent claims.

*Id.* at 14 (citing, inter alia, *Ward v. New York University*, No. 99 Civ. 8733 (RCC), 2001 WL 604048, at *2 (S.D.N.Y. May 31, 2001)).[4]  Samsung goes on to explain how, based on the separate processes for issuing and invalidating patents, the invalidation of the original five patents did not preclude the two new, very similar patents from being

---

[4] Kannuu responds to this argument, in part, by stating:  "Samsung's 'slippery slope' argument is irrelevant to the issue before this Court.  Nonetheless, Kannuu is willing to agree [as] a condition of leave that it will not seek to add any other patents to this case in the future."  Doc. 126 at 2 n.2.

issued,[5] and why Samsung predicts the new patents will be invalidated. *Id.* at 15, 17. Samsung separately argues that the new patent claims are futile on the merits, meaning Kannuu will not have a cognizable claim that those patents were infringed, because "Samsung phased out the accused predictive text feature[6] in mid-2021 before issuance of the '252 and '939 patents." *Id.* at 10 n.1.[7]

The Second Circuit has held that leave to amend may be denied on the basis of futility when it is "beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Pangburn v. Culberston*, 200 F.3d 65, 71 (2d Cir. 1999) (citation and internal quotation marks omitted). In determining whether an amendment is futile, the court evaluates the amended complaint "through the prism of a Rule 12(b)(6) analysis." *Henneberry v. Sumitomo Corp. of America*, 415 F. Supp. 2d 423, 433 (S.D.N.Y. 2006). Following this standard, courts accept a plaintiff's factual allegations as true and draw reasonable inferences in their favor. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The trial court "has broad discretion in determining whether to grant leave to amend," *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000), but generally, will not deny leave to amend based on futility unless the proposed amendment is clearly frivolous or legally insufficient. *See In re Ivan F. Boesky Securities Litigation*, 882 F. Supp. 1371, 1379 (S.D.N.Y. 1995) (citation omitted). Beyond these

---

[5] Nonetheless, Samsung explains that the '939 patent application *was* in fact initially rejected by the USPTO for "obviousness-type double patenting," a doctrine whereby a patent application is rejected "because its claims cover the same invention as another patent in the same family." Doc. 124 at 16 n.2. However, given that the doctrine exists to "prevent[] patentees from effectively extending the term of the original patent," *id.* (citation omitted), Samsung explains that Kannuu was able to succeed in having one of the '939 claims issue by "disclaim[ing] any term of the '939 patent that would exceed beyond the expiration of its older patents—even the now invalid patents." *Id.* at 16–17.

[6] The "predictive text feature" refers to a feature of the on-screen keyboard, through which the keyboard predicts the next letter a user may want to enter when they are typing a word. *See, e.g.*, Doc. 29 ¶ 133.

[7] Samsung argues that Kannuu's proposed supplement is additionally futile "on procedural grounds," because the Court does not have subject matter jurisdiction over the operative complaint. Doc. 124 at 18. As further discussed below, even were the Court to dismiss the first amended complaint for lack of subject matter jurisdiction, Kannuu would be able to amend the complaint to cure the jurisdictional issue.

considerations, the court does not need to consider the substantive merits of the plaintiff's claim on a motion to amend. *Id.* (citation omitted).

Here, Samsung has not met its burden of establishing the futility of the proposed supplemental pleading. *See Ithaca Capital Investments I S.A. v. Trump Panama Hotel Management LLC*, 450 F. Supp. 3d 358, 377 (S.D.N.Y. 2020) ("The party opposing the amendment has the burden of establishing its futility." (citation omitted)). The core of Samsung's argument is that the PTAB will invalidate the new "clearly invalid patents" through the IPR process, such that the patent infringement claims in this Court will ultimately be dismissed based on patent invalidity. Doc. 124 at 17. However, it does not follow from Samsung's prediction that Kannuu's proposed amended pleading is implausible "on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Patents start out with a presumption of validity." *D & S Plug Corp. v. Colvin Motor Parts Inc.*, No. 69-C-1278 (OGJ), 1971 WL 16657, at *4 (E.D.N.Y. Sept. 24, 1971) (citing *Rich Products Corp. v. Mitchell Foods, Inc.*, 357 F.2d 176, 181 (2d Cir. 1966)); *see also Depaul v. Toshiba Corp.*, No. 91 Civ. 4481 (LAP) (THK), 1995 WL 489567, at *2 (S.D.N.Y. Aug. 15, 1995) (quoting the patent law, 35 U.S.C. § 282 (1984), which states that "[a] patent shall be presumed valid"). At this stage, the Court accepts as true the factual assumption that the patents are valid, as a premise of the legal claims at issue.[8]

As for Samsung's argument that it could not have infringed the two new patents because it "phased out" the accused feature before the new patents were issued, Doc. 124 at 10 n.1, that fact—even if true—would not render the pleading facially implausible. Kannuu argues that Samsung's alleged infringement has continued, because infringing sales may have been made even after Samsung ceased producing new devices with the

---

[8] Samsung provides no examples of a court denying a motion to amend on futility grounds because the patents at issue might later be found to be invalid by the PTAB. Nor does it provide authority that this Court must itself make a legal determination as to the patent's validity at this stage.

accused feature, and even if infringing sales have also ceased, "the accused [predictive text] feature is still in operation on many Samsung televisions."  Docs. 120 at 9, 126 at 1.  Based on these allegations, at this stage, the Court does not find it "beyond doubt that the plaintiff can prove no set of facts in support of [its supplemental] claims" of infringement.  *Bodum Holding AG v. Starbucks Corp.*, No. 19 Civ. 4280 (ER), 2020 WL 6135714, at *4 (S.D.N.Y. Oct. 16, 2020) (quoting *Pangburn*, 200 F.3d at 71).  In sum, the Court does not find that the proposed amendment is legally untenable, and it declines to deny leave to amend on grounds of futility.  *See Metcalf v. TransPerfect Translations International, Inc.*, No. 19 Civ. 10104 (ER) (KHP), 2023 WL 2674743, at *4 (S.D.N.Y. Mar. 29, 2023) (explaining that generally, a trial court "will not deny leave to amend based on futility unless the proposed amendment is clearly frivolous or legally insufficient" (citing *Boesky*, 882 F. Supp. at 1379)).

    d. *Undue Prejudice*

Samsung argues that supplementation would unduly prejudice Samsung by making the state claim "unnecessarily persist in federal court."  Doc. 124 at 19.

In determining whether parties would be prejudiced, "courts consider whether the amendment would:  (1) require the opponent to 'expend significant additional resources to conduct discovery and prepare for trial,' (2) significantly prolong the resolution of the action, or (3) 'prevent the plaintiff from bringing a timely action in another jurisdiction.'"  *Cummings-Fowler v. Suffolk County Community College*, 282 F.R.D. 292, 297 (E.D.N.Y. 2012) (quoting *Monahan v. New York City Department of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000)).  Generally, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."  *United States ex rel. Maritime Administration v. Continental Illinois National Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989).  "Rather, we will be most hesitant to allow amendment where doing so unfairly surprises the non-movant and impedes the fair prosecution of the claim."  *Monahan*, 214 F.3d at 284.  "The party

15

opposing the motion bears the burden of establishing that an amendment would be prejudicial or futile." *Cummings-Fowler*, 282 F.3d at 296.

      The Court does not find that leave to amend would unduly prejudice Samsung. As previously discussed, there is little at stake at this stage other than mere delay, and Samsung has not otherwise identified how leave to amend would inure to its detriment. Samsung itself states, in its motion to dismiss, that "relatively little discovery has occurred" in this case, and "[a]s to judicial economy and convenience, this case is 'in the early stages of litigation' and there was 'no significant activity' prior to the stay pending the IPRs." Doc. 122 at 3, 4. While denying leave to amend could theoretically allow for more prompt resolution of the state claim on the merits, it would also generate additional inefficiencies through the multiplication of proceedings. Kannuu would have to file a new federal complaint to assert its infringement claims pertaining to the two new patents; moreover, as Kannuu posits, if the Court were to decline to extend supplemental jurisdiction over the remaining state claim, Kannuu would also have to assert that claim anew in state court. *See* Doc. 126 at 3. Therefore, considerations of litigation burdens and expenses, as well as judicial efficiency, counsel in favor of—not against—granting leave to amend. *See Andino v. Fischer*, 698 F. Supp. 2d 362, 373 (S.D.N.Y. 2010) ("Courts determining whether to grant a motion to supplement pleadings based on Rule 15(d) should contemplate prejudice to the opposing party and, in their discretion grant 'supplementation [where it] will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party.'" (quoting *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989))).

### B.  Motion to Dismiss

      Because the Court has granted leave to amend, it denies the motion to dismiss as moot. *See GGC International Limited*, 2025 WL 81319, at *1 ("granting the motion for

16

leave to amend moots the pending motions to dismiss." (quoting *Cummins*, 2012 WL 3870308, at *2)).

However, for the sake of completeness, the Court addresses Samsung's argument against Kannuu's assertion that if the Court grants Kannuu's motion to supplement—as it has now done—the Court will continue to have original jurisdiction, and supplemental jurisdiction over the state claim will continue to apply. *See* Doc. 127 at 1. Samsung argues:

> The flaw in Kannuu's argument is that—irrespective of the Court's forthcoming ruling on Kannu's motion [to amend]—the Court does not have original jurisdiction ***now***. Because all five of Kannuu's patents have been cancelled, no causes of action remain in the case for the Court to continue to exercise original jurisdiction.

Doc. 128 at 1 (emphasis in original) (citing cases for the proposition that when a patent claim is cancelled, the suit based on those claims must be dismissed). Without jurisdiction now, Samsung adds, the Court does not have jurisdiction to grant leave to amend in the first place. *Id.* at 2.[9]

Granting leave to amend moots the issue of what jurisdiction, if any, the Court has over the first amended complaint. Yet in any event, the cases which Samsung relies on for the proposition that the Court is "powerless to grant leave to amend" even if amending would "cure an obvious lack of jurisdiction," Doc. 128 at 2 (citing *European Community v. RJR Nabisco, Inc.*, 150 F. Supp. 2d 456, 503 (E.D.N.Y. 2001)), concerned pleadings that lacked subject matter jurisdiction *ab initio*. In *European Community*, the court stated that "[r]esolution of questions concerning federal jurisdiction 'depends on the facts as they exist when the complaint is filed.'" 150 F. Supp. 2d at 503 (quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830 (1989)). In denying the motion to amend, the Court explained, "Plaintiff's motion to amend amounts to an effort

---

[9] Samsung additionally makes this argument in opposition to Kannuu's motion for leave to supplement, arguing that it renders Kannuu's proposed supplement "futile on procedural grounds." Doc. 124 at 18; *see supra* n.7.

17

at creating 'an entirely new jurisdictional basis to provide competence in a court which lacked authority over the case *ab initio*.'" *Id.* at 503 (quoting *Falise v. American Tobacco Co.*, 241 B.R. 63, 67 (E.D.N.Y. 1999)).

Here, by contrast, there was federal question jurisdiction over the original complaint and the first amended complaint—the latter of which still contains the claims of infringement of the old patents, notwithstanding Kannuu's agreement that they should be dismissed. Therefore, even assuming, *arguendo*, that Samsung is correct that the Court lacks subject matter jurisdiction over the first amended complaint by virtue of the impending, undisputed dismissal of the patent infringement claims, Kannuu may still be given the opportunity to cure the jurisdictional issue by amending its complaint. *See Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 252 (2d Cir. 1991) (internal citation omitted) ("[T]he principle that permission to amend to state a claim should be freely granted, is likewise applicable to dismissals for failure to plead an adequate basis for federal jurisdiction[.]"); *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 36 (2025) ("Adding federal claims can create federal jurisdiction where it once was wanting."); *cf. Broad v. DKP Corp.*, No. 97 Civ. 2029 (LAP), 1998 WL 516113, at *2, *5, *6 (S.D.N.Y. Aug. 19, 1998) (denying leave to amend after determining that "subject matter jurisdiction over the original complaint [was] lacking" based on a lack of diversity jurisdiction, because, in seeking leave to amend, plaintiff sought to "assert a wholly new basis for subject matter jurisdiction" through federal question jurisdiction, as opposed to "seek[ing] only to remedy technical defects in asserting jurisdiction."), *aff'd*, 182 F.3d 898 (2d Cir. 1999).

### III. CONCLUSION

For the reasons set forth above, Kannuu's motion for leave to file a second amended complaint is GRANTED, and Samsung's motion to dismiss is DENIED.

      The parties are directed to appear for a conference on August 7, 2025, at 10:30 a.m., in Courtroom 619 of the United States Courthouse, 40 Foley Square, New York, NY 10007.

      The Clerk of Court is respectfully directed to terminate the motions, Docs. 119, 121, and 129.

It is SO ORDERED.

Dated:    July 29, 2025
            New York, New York

                                                                             EDGARDO RAMOS, U.S.D.J.