UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KANNUU PTY LTD.,<br>Plaintiff,<br>– *against* –<br>SAMSUNG ELECTRONICS CO., LTD. *and* SAMSUNG ELECTRONICS AMERICA, INC.,<br>Defendants. | **OPINION & ORDER**<br>19 Civ. 4297 (ER) |

RAMOS, D.J.:

Kannuu Pty, Ld. ("Kannuu") filed this suit against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") for patent infringement and breach of contract. Before the Court is Samsung's motion to stay the instant suit pending *inter partes review* ("IPR") by the Patent Trial and Appeal Board ("PTAB") of the two patents at issue in the operative complaint. Doc. 145. For the reasons set forth below, the motion to stay is GRANTED.

## I. BACKGROUND

The Court assumes familiarity with the factual and procedural background of this case, which are described in detail in the Court's prior opinions. *See Kannuu Pty Ltd. v. Samsung Electronics Co.*, No. 19 Civ. 4297 (ER), 2021 WL 195163 (S.D.N.Y. Jan. 19, 2021), *aff'd*, 15 F.4th 1101 (Fed. Cir. 2021) (*Kannuu I*), *Kannuu Pty Ltd. v. Samsung Electronics Co.*, No. 19 Civ. 4297 (ER), 2025 WL 2145556 (S.D.N.Y. July 29, 2025) (*Kannuu II*). In *Kannuu I*, the Court granted Samsung's motion to stay pending resolution of IPR proceedings regarding various patents alleged to be infringed in the initial complaint. In *Kannuu II*, the Court granted Kannuu leave to file a second amended complaint ("SAC") and denied Samsung's motion to dismiss the initial complaint.

Kannuu filed the SAC on August 13, 2025. Doc. 133. The SAC newly asserts that Samsung infringed two of Kannuu's patents: the '252 patent and '939 patent.[1] *Id.* Specifically, Kannuu alleges that various Samsung Smart TVs and Blu-ray DVD Players incorporate Kannuu's technology associated with those patents. *Id.* ¶¶ 70–71. Kannuu also reasserts its claim for breach of contract, alleging that Samsung continued to access Kannuu's proprietary technology for a purpose prohibited by their agreement while it was still in effect. *Id.* ¶ 145–46. Samsung filed its answer to the SAC and a counterclaim against Kannuu on August 27, 2025. Doc. 134.

On October 20, 2025, Samsung petitioned for IPR of the two patents at issue in the SAC.[2] Doc. 145 at 8. The Director of the United States Patent and Trademark Office ("USPTO") instituted IPR for both patents on April 1, 2026. Doc. 136-1. Samsung filed a letter requesting a pre-motion conference on April 10, 2026 in anticipation of its motion to stay pending IPR. Doc. 136. In a telephone conference held on May 1, 2026, the Court granted Samsung leave to file the motion, which was filed on May 15, 2026 and fully briefed as of June 5, 2026. *See* Docs. 145–149. Kannuu does not oppose a stay of the patent infringement claims but does oppose a stay of its breach of contract claim. Doc. 147 at 2.

## II. LEGAL STANDARD

"District courts have the inherent power to manage their dockets, which includes issuing a stay pending the conclusion of review proceedings before the [PTAB]." *Rovi Guides, Inc. v. Comcast Corp.*, No. 16 Civ. 9278 (JPO), 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017) (quoting *Straight Path IP Group, Inc. v. Verizon Communications Inc.*, No. 16 Civ. 4236 (AJN), 2016 WL 6094114, at *2 (S.D.N.Y. Oct.

---

[1] Neither of these patents were included in the initial complaint as they had not been issued to Kannuu yet: the '252 patent was issued to Kannuu on December 14, 2021, and the '939 patent on February 7, 2023. Doc. 133 ¶¶ 16–17.

[2] As Samsung correctly notes, it had earlier informed the Court that it planned to seek IPR of the new patents in its briefings opposing Kannuu's motion for leave to file an amended complaint and at a pre-motion conference held on August 7, 2025. *See* Docs. 124 at 16, 19 and Doc. 143.

18, 2016)). Courts generally consider three factors in deciding a motion to stay pending review by the PTO: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *CDX Diagnostics, Inc. v. U.S. Endoscopy Group, Inc.*, No. 13 Civ. 5669 (NSR), 2014 WL 2854656, at *2 (S.D.N.Y. June 20, 2014) (quoting *TouchTunes Music Corp. v. Rowe International Corp.*, 676 F.Supp.2d 169, 177 (S.D.N.Y. 2009)). However, these factors are not exclusive, and the Court must ultimately consider the totality of the circumstances. *Rovi Guides*, 2017 WL 4876305, at *3. "The party seeking the stay bears the burden of demonstrating that such relief is warranted." *Straight Path*, 2016 WL 6094114, at *2.

## III. DISCUSSION

Because Kannuu does not oppose a stay of its patent claims, the only issue in dispute is whether the stay should also include the breach of contract claim. The Court concludes that a complete stay is warranted here.

### A. Simplification of Issues

Samsung contends that the Court already decided in 2021 that a stay pending IPR would simplify the issues and that the arguments favoring a stay apply even more forcefully now. Doc. 146 at 9–10. Kannuu contends, because there is now mutual consent to stay the infringement claims, it would be inefficient to order a complete rather than partial stay. Doc. 147 at 4. The Court finds that a complete stay would simplify the issues in this action for several reasons.

First, a complete stay is appropriate pending IPR because the patent claims are the main thrust of the litigation. Courts in the Second Circuit routinely stay non-patent claims alongside patent claims when the patent claims are the main thrust of the litigation. *See, e.g., Medmix Switzerland AG v. Kettenbach GmbH & Co. KG*, No. 21 Civ. 06613 (RER) (SIL), 2024 WL 1973365, at *7 (E.D.N.Y. May 3, 2024), *Metrom Rail, LLC v. Siemens Mobility, Inc.*, No. 23 Civ. 3057 (MKV), 2024 WL 323374, at *2 (S.D.N.Y.

Jan. 29, 2024), *PopSockets LLC v. Quest USA Corp.*, No. 17 Civ. 3653 (FB) (CLP), 2018 WL 4660374, at *2 (E.D.N.Y. Sept. 28, 2018), *Rovi Guides,* 2017 WL 4876305, at *3. In *Kannuu I*, the Court determined that "even if Kannuu is correct that nothing in the IPR proceedings will affect its breach of contract claim, a stay should still be issued" because it would simplify "the vast majority of the issues in this case." *Kannuu I*, 2021 WL 195163, at *9. The same is true now: six of the seven counts in the SAC are infringement claims involving the patents undergoing IPR. *See* Doc. 133.

Second, a partial stay could create jurisdictional issues. The Court has jurisdiction over the state breach of contract claim through supplemental jurisdiction. *See* 28 U.S.C. § 1367(a) (granting district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). Samsung argues that Kannuu should not be permitted to rely on its patent claims to preserve the Court's supplemental jurisdiction over the contract claim "and then agree to stay the patent claims while insisting on proceeding with the state law claims in federal court." Doc. 146 at 11. Kannuu contends that these concerns are speculative, and that even if the infringement claims become moot following IPR, the Court will have discretion under 28 U.S.C. § 1367(c) to decide whether to retain the contract claim. Doc. 147 at 3. Kannuu's support for this proposition is the subsection of § 1367 that states permissive grounds for a court to decline to exercise supplemental jurisdiction. Pursuant to those grounds, the outcome of the IPR proceedings could furnish several reasons for the Court to decline to exercise supplemental jurisdiction over the breach of contract claim. *See, e.g.*, *Surman v. MongoDB, Inc.*, No. 26 Civ. 166 (JLR), 2026 WL 1983554, at *9 (S.D.N.Y. July 9, 2026) (declining supplemental jurisdiction where the remaining state-law claims were the only claims left for the court's consideration and therefore predominated). A complete stay would simplify the litigation and allow the Court to determine the matter of supplemental jurisdiction once the fate of the patent infringement claims is known.

Third, a complete stay would simplify discovery. A partial stay, Samsung argues, would generate wasted effort regardless of whether the patents are ultimately invalidated, in large part due to the significant overlap in expected discovery for the infringement and breach of contract claims. Doc. 146 at 14–17. Kannuu's proposed solution is that the Court "enter a tailored case-management order at least allowing fact discovery on the contract claim to proceed and revisiting later whether later stages of the contract claim should be deferred until resolution of the PTAB proceedings." Doc. 147 at 4. Kannuu's proposed partial stay and "tailored" solution invite the complexity that a complete stay would simplify or avoid entirely.

**B. Stage of Litigation**

Samsung contends that, despite this action's filing in 2019, the case remains at the very earliest stages because the '252 and '939 patents were only recently asserted. Doc. 146 at 17. "The most burdensome phases of litigation," Samsung contends, "all lie ahead," including fact and expert discovery, dispositive motions, and trial. Doc. 146 at 17. Kannuu disagrees, arguing that Samsung has manufactured early-stage status through years of delay. Doc. 147 at 5. As the Court noted in *Kannuu I,* this factor's analysis "focuses not on the time that has passed since the suit was commenced but rather on its procedural progress." 2021 WL 195163, at *10. "[C]ourts in this Circuit have concluded that a suit is at an early enough stage to favor a stay where there has been limited to no discovery, and 'neither a claim construction hearing nor a trial has been scheduled.'" *Id.* (quoting *Straight Path*, 2016 WL 6094114, at *3). While Kannuu first pleaded its breach of contract claim in 2019, the action remains at an early stage. There has been no discovery nor scheduling order. The stage of the litigation thus favors a stay.

**C. Prejudice or Disadvantage**

To determine whether the non-moving party will suffer undue prejudice or tactical disadvantage as a result of a stay, courts in this District analyze four sub-factors: "(1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the

review proceedings; and (4) the relationship of the parties." *Kannuu I*, 2021 WL 195163, at *10 (citing *Rovi Guides*, 2017 WL 4876305, at *4 (quotation omitted)).

None of the above factors suggest that Kannuu will suffer undue prejudice or tactical disadvantage. The timing factors and the status of the review proceedings clearly favor a stay. Samsung asserts that it acted promptly in filing its IPR petitions approximately two months after the SAC was filed. Doc. 146 at 18. Kannuu does not dispute that Samsung acted promptly in requesting review. The review proceedings are now underway. The PTAB communicated its decision to institute IPR proceedings on April 1, 2026. *Id.* And Samsung requested a pre-motion conference for the instant motion within ten days of the PTAB's April 1, 2026 decision. *Id.* As to the relationship between the parties, the Court previously held that Kannuu and Samsung are not direct competitors and that Kannuu therefore cannot suffer the types of market harm that could weigh against a stay. *Kannuu I*, 2021 WL 195163, at *11.

Kannuu's only argument for the prospect that it will be prejudiced by a complete stay is that the "claim is already old" and will become older. Doc. 147 at 5. "Witness memories fade, documents become harder to locate, custodians leave companies, and evidence grows stale." Doc. 147 at 2. These "generic concerns," although "perhaps accurate as a general matter[,] are, without more, far too speculative to support a finding of undue prejudice." *Metrom Rail,* 2024 WL 323374, at *4 (quoting *Straight Path*, 2016 WL 6094114, at *4). Further, "it is well established that 'mere delay in the litigation does not establish undue prejudice' for purposes of a motion to stay." *Goodman v. Samsung Electronics America, Inc.*, No. 17 Civ. 5539 (JGK), 2017 WL 5636286, at *3 (S.D.N.Y. Nov. 22, 2017) (quoting *Rovi Guides*, 2017 WL 4876305, at *4). Moreover, by consenting to a stay of the patent claims, Kannuu has already consented to a delay in the adjudication of this action. *See Metrom Rail,* 2024 WL 323374, at *4. The Court does not find that a complete stay will prejudice Kannuu.

### D. Hardship Standard

Kannuu's principal opposition to a complete stay is the possibility that it will be damaged as a result, which it claims triggers a heightened standard for a stay pursuant to *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83 (2d Cir. 2012). Doc. 147 at 2. Because of the possibility of harm, Kannuu claims that Samsung must make out a clear case of hardship or inequity to show that a complete stay is warranted. *Id.* (citing *Louis Vuitton Malletier S.A.*, 676 F.3d at 97–99. Samsung argues that the heightened standard Kannuu cites is inapposite because *Louis Vuitton Malletier S.A.* is distinguishable. Doc. 148 at 4. Even if that standard did apply here, Samsung argues Kannuu has failed to show a prejudice or possible damage. *Id.*

Courts in this district routinely rely on the three-factor test set forth in *CDX Diagnostics* and *Straight Path* to determine whether a stay pending resolution of IPR is appropriate. *See CDX Diagnostics*, 2014 WL 2854656, at *2 and *Straight Path*, 2016 WL 6094114, at *2. Assuming without deciding that *Louis Vuitton Malletier S.A.* articulates the heightened standard Kannuu describes, Kannuu has nonetheless failed to demonstrate its applicability. *Louis Vuitton Malletier S.A.* involved a stay pending resolution of parallel federal criminal proceedings, not proceedings before the PTAB. 676 F.3d at 87. Kannuu does not point this Court to a single instance in which a court deciding a motion to stay pending IPR relied upon *Louis Vuitton Malletier S.A.* rather than, or in addition to, the three-factor test. And as previously noted, even if *Louis Vuitton* were applicable here, the concerns cited by Kannuu are too generic to show prejudice or possible damage.

## IV. CONCLUSION

For the forgoing reasons, the motion to stay pending *inter partes* review is GRANTED. Samsung's request for oral argument regarding its motion is denied as moot. Doc. 149. This matter is hereby stayed pending resolution of the IPR proceedings regarding the '252 and '939 patents. The parties are directed to file a joint status report within 48 hours of the PTAB's final written decision. In that status report, the parties

shall update the Court regarding the status of Kannuu's infringement contentions in light of the PTAB's decision and submit an amended proposed discovery schedule. The Clerk of Court is respectfully directed to terminate the motions, Docs. 145 and 149.

It is SO ORDERED.

Dated: October 27, 2026
New York, New York

EDGARDO RAMOS, U.S.D.J.